

FILED
2014 Mar-24  AM 10:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| DAVID LEDBETTER; RAYMOND L. ) <br> BURNETTE, JR.; RICHARD CURTIS; ) <br> FORREST SCOTT FIKES; DENNIS ) <br> FINNEN; KENNETH GAMBLE; ) <br> RICHARD E. GONZALEZ; JIMMY ) <br> HUDSON; CLINTON M. JOHNSON; ) <br> TIMOTHY JONES; DENNIS O. ) <br> K E N N E D Y ;   J E F F R E Y   L. ) <br> McALLISTER; TIMOTHY A. ) <br> NICHOLS; MAURICE E. PHILLIPS; ) <br> REX ROBERTSON; DANNY R. ) <br> SIMMONS; DONALD P. SMITH; BRAD ) <br> WALKER; MARTY J. WEAVER; ) <br> CLYDE T. WHITLEY; DONALD R. ) <br> WILLIAMS; LYNN WILSON, ) | Case Number  7:10-CV-0467-SLB |

                                                                    )
      **Plaintiffs,**                                 )
                                                                    )
      **vs.**                                         )
                                                                    )
**M E R C E D E S   B E N Z   U . S .**                             )
**INTERNATIONAL, INC.,**                                            )
                                                                    )
      **Defendant.**                                  )

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion for Summary

Judgment.  (Doc. 48.)  Plaintiffs have sued their employer, defendant Mercedes Benz U.S.

International, Inc., alleging that defendant failed "to properly pay Plaintiff[s] . . . wages or

overtime compensation at one and one-half times their regular rate of pay for many hours

worked over 40 per week associated with unpaid lunch breaks."  (Doc. 18-1 ¶ 23.)  Upon

consideration of the record, the submissions of the parties, the arguments of counsel, and the

relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 48), is due to be denied.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, the non-moving party must go beyond the pleadings and show that there is a genuine issue of fact for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1); *see also Clark*, 929 F.2d at 608 ("it is never enough simply to state that the non-moving party cannot meet its burden at trial").

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[C]ourts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007)(quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)(per curiam)). Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999)(citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)); *see also Scott*, 550 U.S. at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

## II. <u>STATEMENT OF FACTS</u>

Defendant operates an automobile assembly plant in Vance, Alabama, where it employs approximately 187 Maintenance Team Members. (Doc. 52 at 5; doc. 44 at 2.) Maintenance Team Members are non-exempt employees and are dispersed throughout the facility. (Doc. 52 at 5; doc. 50-1 at ¶¶ 18, 19, 69.) All of the plaintiffs are employed by defendant as Maintenance Team Members. (Doc. 14 ¶ 6.)

Maintenance Team Members' job duties include installing, inspecting, cleaning, and repairing fixtures, machinery, equipment and pipes at defendant's facility. (Doc. 50-2 at 2-

3.)  They remain in contact with each other, as well as non-maintenance employees, through face-to-face communications and by a radio.  (Doc. 50-1 ¶ 33.)

Defendant's stated policy is to provide plaintiffs a 45-minute unpaid lunch period. (Doc. 44 at 2; doc. 50-1 ¶ 42.)  According to defendant, its policy is that Maintenance Team Members "had to take a lunch break."  (Doc. 50-1 ¶ 55.)  "[I]f their lunch was interrupted," regardless of the length of the interrupted, the Maintenance Team Members "were to take another 45 minute lunch break."  (*Id.* ¶¶ 55-56.)  However, "if a Maintenance Team Member believed he or she could not take a lunch break because of production needs, [he or she was] to notify management and if no lunch could be scheduled and taken, [he or she was] paid for lunch."  (*Id.* ¶ 57.)  Maintenance Team Members do not have a scheduled time for their lunch periods.  Plaintiffs testified that they were required to wear radios and have them turned on at work all day, including during lunch.  (Doc. 50-3 at 84-86; doc. 50-4 at 103-06; doc. 50-5 at 92; doc. 50-6 at 38-39; doc. 50-7 at 56, 60-61; doc. 50-8 at 102-03; doc. 50-9 at 88-89; doc. 50-11 at 61-62; doc. 50-12 at 60; doc. 50-13 at 88, 91; doc. 50-14 at 79; doc. 50-15 at 61-64; doc. 50-16 at 65; doc. 50-17 at 49, 51; doc. 50-18 at 114-15; doc. 50-19 at 60-61; doc. 50-20 at 72; doc. 50-21 at 72, 76-77; doc. 50-22 at 90-91; doc. 50-23 at 71, 97; doc. 50-24 at 44-45.)  *But see* doc. 50-10 at 139-43 [either left radio on *or* told Team Leader where he was going before he left];).  Maintenance Team Members are frequently interrupted during their lunch periods to perform work duties.  (Doc. 50-3 at 90-93; doc. 50-4 at 72; doc. 50-9 at 110-11; doc. 50-10 at 130-31; doc. 50-11 at 46-47; doc. 50-12 at 98-99; doc. 50-13 at 91-

92; doc. 50-14 at 91, 96; doc. 50-15 at 121-25, 178-79; doc. 50-16 at 44; doc. 50-17 at 44;

doc. 50-21 at 82-84; doc. 50-23 at 70-71; doc. 50-24 at 50-51.)

### III. <u>DISCUSSION</u>

Defendant asks the court to grant summary judgment and to dismiss plaintiffs' claims.

(Doc. 48.)  Specifically, it argues:

> 2.  During the course of the proceedings in this case, Plaintiffs and Defendant conferred with the Court and suggested that under Plaintiffs' theory of liability in the case, the Court could resolve this case on summary judgment.

> 3.  On April 17, 2012, the parties filed Plaintiffs' and Defendant's Joint Stipulations and Suggestions for Further Proceedings in this Case.  (Doc. 44). In that pleading, the parties stipulated certain facts and jointly stipulated to the Court that Plaintiffs' claim is: "Whether MBUSI's alleged policy that maintenance team members are subject to call to perform work duties during their lunch period renders their lunch period compensable time worked under the FLSA."

> 4.  On March 25, 2013, this Court entered its Amended Scheduling Order (Doc. 46) which set out a summary judgment briefing schedule as to the stipulated Plaintiffs' claim in this case as follows:

>> Whether defendant's alleged policy – that maintenance team members are subject to call to perform work duties during their lunch period – renders their lunch periods compensable time worked under the FLSA.

> 5.  The FLSA requires an employer pay its employees for "work," which does not include being subject to call or wearing a radio because no physical or mental exertion is involved.  Merely being subject to call to perform work duties during their lunch periods does not impose upon the maintenance team members significant affirmative responsibilities and is not a real limitation on their freedom. Thus, Plaintiffs' meal breaks are not compensable under the FLSA.

(*Id.*)

The issue, as defined by the parties, is, "Whether [defendant's] alleged policy that [plaintiffs] are ***subject to call*** to perform work duties during their lunch period[s] renders their lunch period[s] compensable time worked under the FLSA."[1]  (Doc. 44 at 2 [emphasis added].)  However, whether plaintiffs' meal periods, during which they are on call or subject to recall, are compensable does not depend on the mere presence or absence of an articulated

_____

[1]In fact, defendant argues:

At the outset, it is important to note the issues that are not before the Court, for example:

- an individual determination as to whether the particular circumstances of a specific maintenance team member renders his lunch period compensable under the FLSA

- whether the frequency and severity of interruptions of maintenance team members' lunch periods renders those lunch periods compensable time worked under the FLSA

- whether the plaintiffs can change clothes, go off site, run errands, watch television, play games or read during their lunch periods

- whether any geographic restrictions are placed on plaintiffs during their lunch periods

- whether plaintiffs must notify their supervisor as to their location during lunch

Thus, the only issue to be decided by this Court is whether merely being subject to call to perform work duties makes the lunch period compensable time worked under the FLSA, and as MBUSI demonstrates below, the law is clear that it does not.

(Doc. 40 at 14.)

policy.  Rather, the determination of whether an employee's meal periods are compensable work time or non-compensable meal break depends on whether the employee is completely relieved of their job duties for the purpose of eating a meal – a determination that is based on the totality of the circumstance and not solely on defendant's stated policy.  Therefore, the answer to the question – Are plaintiffs' lunch period compensable due to defendant's policy that they are subject to being recalled to work? – is "maybe."

"Congress enacted the FLSA in 1938 with the goal of protecting all covered workers from substandard wages and oppressive working hours." *Christopher v. Smithkline Beecham Corp*, 132 S. Ct. 2156, 2162 (2012)(internal quotations and citation omitted).  To this end, the FLSA provides, "[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  The term "'Employ' includes to suffer or permit to work." 29 U.S.C. § 203(g).  The Supreme Court has held that the terms "work or employment" mean "physical or mental exertion (whether burdensome or not) controlled or required by the employer ***and*** pursued necessarily and primarily for the benefit of the employer and his business." *Armour & Co. v. Wantock*, 323 U.S. 126, 132 (1944)(emphasis added; internal quotations and citation omitted).  "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case." *Id*. at 133.

7

The regulations provide:

(a)  Bona fide meal periods.  Bona fide meal periods are not worktime.  Bona fide meal periods do not include coffee breaks or time for snacks.  These are rest periods.  ***The employee must be completely relieved from duty for the purposes of eating regular meals***.  Ordinarily 30 minutes or more is long enough for a bona fide meal period.  A shorter period may be long enough under special conditions.  ***The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating***.  For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.  . . .

(b)  Where no permission to leave premises.  It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period.

29 C.F.R. § 785.19 (emphasis added).  "To be consistent with the FLSA's use of the term 'work' as construed [by the Supreme Court], . . . § 785.19 must be interpreted to require compensation for a meal break during which a worker performs activities predominantly for the benefit of the employer."  *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 64 (2d Cir. 1997); *see also* Opinion Letter from Dept. of Labor, Wage and Hour Div. (Aug. 6, 2004), 2004 WL 3177911 (citing *Reich*).[2]

Plaintiffs contend they were not completely relieved of their work duties because they remained on call during the lunch period.  "Whether in a concrete case [on-call] time falls

---

[2]"Interpretations such as those in opinion letters – like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law – do not warrant *Chevron*-style deference.  Instead, interpretations contained in formats such as opinion letters are 'entitled to respect',  under our decision in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944), but only to the extent that those interpretations have the 'power to persuade,' *ibid*."  *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)(other internal citations omitted).

within or without the Act is a question of fact to be resolved by appropriate findings of the trial court." *Skidmore v. Swift*, 323 U.S. 134, 136-37 (1944). "This [determination] involves scrutiny and construction of the agreement between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time and all of the surrounding circumstances." *Id*. at 137. The employees' compensation may cover both waiting and task, or only performance of the task itself. *Id*.

In *Kohlheim v. Glynn County*, 915 F.2d 1473 1477 (11th Cir. 1990), the Eleventh Circuit addressed the issue of whether firefighters in Glynn County should be compensated for meal time when they were required to remain at the fire house and were subjected to taking emergency calls. The County's policy was to exclude three hours as "meal time" from each 24-hour tour of duty. The Eleventh Circuit has held:

> Section 785.19 [29 C.F.R. § 785.19] provides that bona fide meal periods are not worktime. In order to be considered a bona fide meal period, however, the regulations require complete relief from duty: "The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." Thus, the essential consideration in determining whether a meal period is a bona fide meal period or a compensable rest period is whether the employees are in fact relieved from work for the purpose of eating a regularly scheduled meal. The district court ruled that the firefighters were not completely relieved of their duties during mealtimes and we find no error in this conclusion. During meal times the firefighters were required to remain at the station and were subject to emergency calls. The record makes clear that the firefighters were subject to ***significant affirmative responsibilities*** during these periods. The mealtime restrictions benefit the county by ensuring maintenance of an available pool of competent firefighters for immediate response to emergency situations. The firefighters are subject to real limitations on their freedom during mealtime which inure to the benefit of the

9

county; accordingly, the three mealtime periods are compensable under FLSA regulations for overtime purposes.

*Kohlheim v. Glynn County*, 915 F.2d 1473, 1477 (11th Cir. 1990)(emphasis added).  The court notes that the firefighters' duties during their meal periods remained essentially identical to their duties during the other hours of their tour of duty.

In this case, defendant's stated policy is to provide each Maintenance Team Member an uninterrupted 45-minute period for lunch and to compensate a team member for each and every interrupted lunch period.  The employer in *Kohlheim* had no such policy; each and every firefighter's pay was reduced for three meal periods regardless of whether, as a matter of fact, the firefighters answered a call, and the firefighters duties were unchanged during the meal periods.  In this case, the fact that plaintiffs were required to wear radios or to be available to be recalled for "equipment problems or parts delivery," (*see* doc. 19 at 4-5), does not prove, as a matter of fact, that they were "required to perform any duties, whether active or inactive, while eating," *see* 29 C.F.R. § 785.19(a).  However, the fact that they were frequently recalled to work during their meal period to perform their customary job duties, a fact the court assumes for purposes of summary judgment, indicated that they were not completely relieved of their work duties and their meal breaks, even the rare, uninterrupted meal break, are compensable.

As set forth above, whether an employee's meal break is compensable by virtue of the employee's on-call status is a question of fact.  *Skidmore*, 323 U.S. at 136-37.  The pertinent facts include defendant's policy, the parties' "practical construction" of that policy as shown

10

by their conduct, and the nature of the employee's job duties while on call and while on duty.

*See id*. at 137; *Kohlheim*, 915 F.2d at 1477.  Employees that are on call during their meal

periods ***and*** are often interrupted for work within their regular job duties are not relieved of

their work duties during the meal period.  *See Bernard v. IBP, Inc.*, 154 F.3d 259, 265 (5th

Cir. 1998); *see also* Opinion Letter from Dept. of Labor, Wage and Hour Div. (Feb. 12,

1997), 1997 WL 998005 (Employees "who are required to remain 'on call' in the company

break room would have to be compensated for the meal period, unless their meal period was

totally uninterrupted or is only interrupted for ***rare*** and ***infrequent emergency calls to

duty***.")(emphasis added).[3]  Because the record supports a finding that at least some of the

_____

[3]In this Opinion Letter, the Department of Labor noted:

As you are aware, section 785.19 of 29 C.F.R. Part 785, states that bona fide meal periods that occur during the scheduled workday are not hours worked if the employee is completely relieved from duty for the purposes of eating regular meals.  It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period.

On the other hand, section 785.17 of 29 C.F.R. Part 785, states that an employee who is required to remain "on call" on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call."  If, however, the employee is actually relieved of all duties for the meal period, except for <u>rare</u> and <u>infrequent</u> <u>emergency</u> calls, the meal period can be excluded from hours worked except when the period is actually interrupted.  It should be noted that it is probable that employees eating lunch on the premises would always be subject to call in serious emergencies, but this alone would not make the meal period working time.  However, if the meal period is frequently interrupted by calls to duty, the employee would be not considered relieved of all duties and the meal period would have to be counted as hours worked.

11

plaintiffs' meal breaks are interrupted on a regular basis for the purpose of requiring plaintiffs to perform their regular work duties a question of fact exists as to whether plaintiffs are completely relieved of their work duties for purposes of eating a regular meal.  The fact that Maintenance Team Members are "on call" is not dispositive of the issue of whether their meal breaks are compensable time under the FLSA.  However, that policy, in conjunction with evidence of how it is applied, indicates a question of fact exists as to whether Maintenance Team Members were completely relieved of their work duties during their meal breaks.

Therefore, defendant's Motions for Summary Judgment is due to be denied.

<u>CONCLUSION</u>

For the foregoing reasons, the court is of the opinion that there are material facts in dispute and defendant is not entitled to judgment as a matter of law.  An Order denying defendant's Motion for Summary Judgment, (doc. 48), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 23rd day of March, 2014.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

_____

Opinion Letter from Dept. of Labor, Wage and Hour Div. (Feb. 12, 1997), 1997 WL 998005 (emphasis in original).