FILED

2015 Dec-03  PM 06:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| DAVID LEDBETTER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | ) | **7:10-CV-00467-SLB** |
| MERCEDES-BENZ U.S. | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

This is a motion jointly filed by all the parties seeking approval of a settlement agreement resolving various Fair Labor Standards Act ("FLSA") cases and seeking the dismissal of those cases with prejudice. In support of this Motion, the parties state as follows:

1.    On March 5, 2010, fifteen (15) Maintenance Team Members and Leaders at MBUSI filed a complaint (Doc. #1) alleging that MBUSI owed them overtime pay for various lunch periods they claimed to have worked.[1]  MBUSI filed an answer denying the allegations. (Doc. #7).

---

[1]    These fifteen Maintenance Team Members and Leaders are David Ledbetter, Richard Curtis, Forrest Scott Fikes, Dennis Finnen, Kenneth Gamble, Richard E. Gonzalez, Clinton M. Johnson, Jeffrey L. McAllister, Timothy A. Nichols, Maurice E. Phillips, Danny R. Simmons, Brad Walker, Marty J. Weaver, Clyde T. Whitley and Donald R. Williams.

2.      On July 2, 2010, Plaintiffs filed a motion for leave to file an amended complaint to add seven (7) additional Plaintiffs. (Doc. #18).[2]  On March 31, 2011, the Court granted that motion. MBUSI then filed its answer to the amended complaint.  (Doc. #47).

3.      During the course of the proceedings, three named Plaintiffs were dismissed from the case:  Kenneth Gamble, Raymond Burnette, and Lynn Wilson. (See Docs. #67, 68, 70).

4.      Additionally, on March 7, 2013, David Sturdivant filed a Notice of Filing of Consent to Joinder in the case (Doc. #45) although he never filed a motion to join the lawsuit.

5.      On November 30, 2010, Plaintiffs filed a motion for circulation of notice.  (Doc. #32).

6.      On March 22, 2012, this Court entered its order denying Plaintiff's motion for circulation of notice. (Docs. #40, 41).

7.      On August 17, 2015, this Court entered its order by which it severed the claims of the remaining named Plaintiffs.  (Doc. #77).  The severed cases have been assigned the following styles:

---

[2]      These additional Plaintiffs are Raymond L. Burnette, Jr., Jimmy Hudson, Timothy Jones, Dennis O. Kennedy, Rex Robertson, Donald P. Smith and Lynn Wilson.

26177745 v1

*Richard Curtis v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01392-SLB

*Forrest Scott Fikes v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01393-SLB

*Dennis Finnen v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01394-SLB

*Richard Gonzalez v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01395-SLB

*Clinton Johnson v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01396-SLB

*Jeffrey McAllister v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01397-SLB

26177745 v1

*Timothy Nichols v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01398-SLB

*Maurice Phillips v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01399-SLB

*Danny Simmons v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01400-SLB

*Brad Walker v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01401-SLB

*Marty Weaver v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01402-SLB

*Clyde Whitley v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01403-SLB

26177745 v1

*Donald Williams v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01404-SLB

*Jimmy Hudson v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01405-SLB

*Timothy Jones v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01406-SLB

*Dennis Kennedy v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01407-SLB

*Rex Robertson v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01408-SLB

*Timothy Smith v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01409-SLB

8.     In their complaints, Plaintiffs contend that as Maintenance Team Members and Leaders at MBUSI they were required to work various unpaid lunch

26177745 v1

periods. As a result, Plaintiffs claim they are entitled to overtime pay for hours worked in excess of forty (40) hours in a work week when working those lunch periods caused Plaintiffs' hours to exceed forty hours per week. MBUSI has denied Plaintiffs' allegation and also has asserted that it is entitled to an offset for additional compensation it paid to Plaintiffs which it was not required to pay under the FLSA.

9.     The parties have engaged in extensive discovery, including expert witness discovery.

10.     In an effort to avoid the expenses associated with continued litigation of this case, the parties have reached a settlement agreement covering all of Plaintiffs' FLSA claims and fully resolving all claims asserted in their Complaints by Plaintiffs against MBUSI. (Exhibit 1). This Settlement Agreement was negotiated in good faith by experienced counsel.

11.     As made clear in the Settlement Agreement attached hereto, the Plaintiffs contend that they were required to work lunch periods and were not paid for those lunch periods. MBUSI, on the other hand, contends that Plaintiffs were not required to work unpaid lunch periods, and that MBUSI had in place a policy directing Plaintiffs how to handle their lunch periods in the event the lunch periods were interrupted.

12.    Plaintiffs allege there was uncertainty regarding the appropriate policy to be followed due to interruptions to their lunch periods.   MBUSI alleges that there was no uncertainty regarding the appropriate policy to be followed and to the extent there was any uncertainty, MBUSI made clear its policy in the Spring of 2010.  By this Settlement Agreement, MBUSI and Plaintiffs state clearly MBUSI's current lunch policy for Maintenance Team Members and Team Leaders.

13.    MBUSI's current lunch period policy for Maintenance Team Members and Team Leaders is as follows:

(A)    MBUSI at all times retains the right to schedule its Maintenance Team Members and Team Leaders and to modify its lunch period policy;

(B)    Maintenance Team Members and Team Leaders are generally scheduled to take an unpaid, uninterrupted lunch period each work day during a normal production shift;

(C)    On certain non-production maintenance work days such as weekends and holidays, Maintenance Team Members and Team Leaders may be scheduled to work a shift without a lunch period and they are paid for all time worked on such a shift;

(D)    If Maintenance Team Members or Team Leaders are interrupted during their lunch period, Maintenance Team Members or Team Leaders are directed to work with their Group Leader to schedule another lunch period if possible;

(E)    In the event that Maintenance Team Members or Team Leaders do not receive a full uninterrupted lunch period during their work day, he/she should fill out and submit an overtime request sheet and he/she will be paid for the lunch period;

(F)   No Maintenance Team Member or Team Leader complying with this policy will be retaliated against by MBUSI for seeking pay for a missed lunch period;

(G)   In the absence of unusual or abnormal conditions, Maintenance Team Members and Team Leaders are permitted to turn off their radios during lunch, take lunch off premises, and/or otherwise engage in personal activities during their lunch period; and

(H)   Generally, MBUSI does not consider a brief question or comment to constitute an interruption to the lunch period.

14.   In reaching this settlement agreement, the Parties have considered the likelihood of success on their claims and defenses, including the likelihood that even if Plaintiffs were successful on all or some part of their claim, an offset could result in them recovering little or no damages.

15.   Representative examples of the potential claimed damages and offsets for certain of the named Plaintiffs are attached as Exhibit 2.

16.   The terms of the attached Settlement Agreement provide for payment to each named Plaintiff and David Sturdivant of the gross sum of $5,000.00 less deductions; payment to Plaintiffs' counsel of $30,966.94 for reimbursement of costs[3]; and payment to Plaintiffs' attorneys of attorney fees in the amount of $69,033.06.

---

[3]   This represents the actual amount of out of pocket expenses incurred as of the date of signature plus Five Thousand and No/100 ($5,000.00) Dollars to be paid to Plaintiff David Ledbetter for his work and service assisting Plaintiffs' counsel on behalf of all Plaintiffs. Plaintiff Ledbetter was responsible for maintaining contact with Plaintiffs' counsel, supplying and relaying information regarding the Plaintiffs' claims, reviewing and collecting documents, and otherwise participating as the lead Plaintiff in this group action.

17.    Plaintiffs' counsels' fees are fair, adequate, and reasonable.  Plaintiffs' counsel have devoted approximately 296.8 hours to this matter.  (*See* Declaration of Joshua D. Buck ("Buck Dec."), ¶¶ 18-19) (attached as Exhibit 3).    Mr. Thierman's hourly rate is $800 per hour, Mr. Buck's is $500 per hour, Mr. Tom Campbell's is $400 per hour, Mr. Kieron McGowin's hourly rate is $350 per hour, and Mr. Robert Walker's hourly rate is $250 per hour.  (*See id.*)  Multiplying the hours at the attorneys' applicable hourly rates results in total attorneys' fees of $154,990.  (*See* Buck Dec. ¶¶ 18-20.)  This represents a negative multiplier of .4. In other words, Plaintiffs' counsels' attorneys' fees under the Settlement represent only 40% of what the time they have actually expended in this case.  Under the FLSA, Plaintiffs would be entitled to seek their full lodestar (hourly) amount following a judgment on the merits.  *See* 29 U.S.C. § 216(b).  Instead, here, Plaintiffs' counsel request substantially less than the hours invested and seek only a portion of the common fund created by the settlement.  Counsel's request for a fee of 35% of the total settlement is comparable to customary fee arrangements in private litigation, which generally ranges from 30% to 40%.  Counsel is entitled to the fee they would have received had they handled a similar suit on a contingency fee basis with a similar outcome.  *In re Continental Illinois SEC.*, 962 F.2d 566, 573 (7th Cir. 1992).   In considering the reasonableness of the fees, the Court should consider the nature of the contingent agreements between counsel and

26177745 v1

plaintiffs. *See Kirkorian v. Borelli*, 695 F. Supp. 446, 455–456 (N.D. Cal. 1988) (looking to the contingency fee agreements between counsel and members of the class for guidance). These arrangements are relevant because "[i]n common fund cases, it is reasonable that the fee award would be in those fee arrangements, based on historic and prevailing market rates for contingent representation." *In re M.D.C. Holdings Sec. Litig.*, No. CV89-0090, 1990 WL 454747, at *7 (S.D. Cal. Aug. 30, 1990) (stating that "in private contingent litigation, fee contracts have traditionally ranged from 34% to 40% of the total recovery").  Given that the amount of fees authorized under the settlement is less than those actually incurred, the fees are presumptively reasonable.

18.    Plaintiffs' counsels' costs are similarly fair, adequate, and reasonable. Thierman Buck LLP (and its predecessor firm, the Thierman Law Firm) and Campbell Law PC, have incurred total costs of $30,966.94 in connection with this case. These costs include travel and lodging for court proceedings, expert costs and fees, photocopies, computer research, filing fees, costs of deposition transcripts, and miscellaneous costs as specified therein.  The costs incurred by Plaintiffs' counsel are thus reasonable.

19.    In sum, the terms of the attached Settlement Agreement are fair and reasonable.

WHEREFORE, the parties request this Court grant this Motion and enter an Order (1) approving the settlement for all concerned and finding that the Settlement Agreement is a fair and reasonable resolution; (2) dismissing the cases with prejudice with each party to bear its own costs; and (3) approving the release of claims by Plaintiffs.


s/ Mark R. Thierman
Mark R. Thierman
Joshua D. Buck
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada  89511


s/ Thomas F. Campbell
Thomas F. Campbell
D. Keiron McGowin
Campbell Law
One Chase Corporate Drive
Suite 180
Birmingham, Alabama  35244

*Attorneys for Plaintiffs*

s/ Michael L. Lucas
Michael L. Lucas
Ashley H. Hattaway
Burr & Forman LLP
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, Alabama  35203


*Attorneys for Defendant*

11

## CERTIFICATE OF SERVICE

    I hereby certify that on December ___3___, 2015, I electronically filed the foregoing Joint Motion for Approval of Settlement Agreement with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Michael L. Lucas
Ashley H. Hattaway
Burr & Forman LLP
3400 Wells Fargo Tower 420 North 20th Street
Birmingham, Alabama 35203



                /s/Joshua D. Buck_____
                Joshua D. Buck

26177745 v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

DAVID LEDBETTER,                        )
                                        )
              Plaintiff,          )
                                        )
v.                                      )        **CIVIL ACTION NO:**
                                        )        **7:10-CV-00467-SLB**
MERCEDES-BENZ U.S.                      )
INTERNATIONAL, INC.,                    )
                                        )
              Defendant.          )

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

# EXHIBIT 1

## <u>WAGE AND HOUR RELEASE AND SETTLEMENT AGREEMENT</u>

Mercedes-Benz U.S. International, Inc., (hereinafter referred to as "MBUSI") and David Ledbetter, Richard Curtis, Forrest Scott Fikes, Dennis Finnen, Richard E. Gonzalez, Clinton M. Johnson, Jeffrey L. McAllister, Timothy A. Nichols, Maurice E. Phillips, Danny R. Simmons, Brad Walker, Marty J. Weaver, Clyde T. Whitley, Donald R. Williams, Jimmy Hudson, Timothy Jones, Dennis O. Kennedy, Rex Robertson, Donald P. Smith and David Sturdivant, (hereinafter referred to as "Plaintiffs"), hereby enter into this Wage and Hour Release and Settlement Agreement ("Settlement Agreement").

## <u>INTRODUCTION</u>

1.      This Settlement Agreement is entered into because the parties and their respective counsel have concluded that it is in the best interests of all parties to avoid the further expense and uncertainty of federal court litigation, to resolve all wage and hour issues between the parties, and to enter into this Settlement Agreement on the terms set forth herein.

2.      The parties expressly agree that nothing contained in this Settlement Agreement is, or shall be construed as, an admission of liability, and that MBUSI specifically denies having engaged in any unlawful or wrongful act or omission.

## PROCEDURAL POSTURE

3.      On March 5, 2010, David Ledbetter, Richard Curtis, Forrest Scott Fikes, Dennis Finnen, Kenneth Gamble, Richard E. Gonzalez, Clinton M. Johnson, Jeffrey L. McAllister, Timothy A. Nichols, Maurice E. Phillips, Danny R. Simmons, Brad Walker, Marty J. Weaver, Clyde T. Whitley and Donald R. Williams filed a complaint in the United States District Court for the Northern District of Alabama, Western Division, Civil Action No: 7:10-cv-00467-SLB ("the lawsuit") alleging that MBUSI owed them overtime pay for various lunch periods they claimed to have worked.  MBUSI filed an answer denying the complaint.

4.      On July 2, 2010, Plaintiffs filed a motion to file an amended complaint in the lawsuit to add as additional named Plaintiffs, Raymond L. Burnette, Jr., Jimmy Hudson, Timothy Jones, Dennis O. Kennedy, Rex Robertson, Donald P. Smith and Lynn Wilson.  On March 31, 2011, the Court granted that motion and MBUSI then filed its answer to the amended complaint.

5.      During the course of the proceedings in the lawsuit, Kenneth Gamble, Raymond Burnette, Jr., and Lynn Wilson were dismissed from the case.

6.      On March 7, 2013, David Sturidvant filed a notice of filing of consent to joinder in the lawsuit.

7.      On November 30, 2010, Plaintiffs filed a motion for circulation of notice.

8.      On March 22, 2012, the Court entered its order denying Plaintiffs' motion for circulation of notice.

9.      On August 17, 2015, the Court entered its order by which it severed the claims of the remaining named Plaintiffs.  The Plaintiffs' cases have been assigned the following styles and are hereinafter referred to as "the Lawsuits":

*David Ledbetter v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:10-cv-00467-SLB

*Richard Curtis v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01392-SLB

*Forrest Scott Fikes v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01393-SLB

*Dennis Finnen v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01394-SLB

*Richard Gonzalez v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01395-SLB

3

*Clinton Johnson v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01396-SLB

*Jeffrey McAllister v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01397-SLB

*Timothy Nichols v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01398-SLB

*Maurice Phillips v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01399-SLB

*Danny Simmons v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01400-SLB

*Brad Walker v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01401-SLB

*Marty Weaver v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01402-SLB

*Clyde Whitley v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01403-SLB

*Donald Williams v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01404-SLB

*Jimmy Hudson v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01405-SLB

*Timothy Jones v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01406-SLB

*Dennis Kennedy v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01407-SLB

25641686 v1

*Rex Robertson v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01408-SLB

*Timothy Smith v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01409-SLB

10.     In their complaints, Plaintiffs contend that as Maintenance Team Members and Leaders at MBUSI they were required to be on call at all times during their lunch period and they contend that they were required to work various unpaid lunch periods.  As a result, Plaintiffs claim they are entitled to overtime pay for hours worked in excess of forty (40) hours in a work week when working those lunch periods caused Plaintiffs' hours to exceed forty hours per week.  MBUSI has denied Plaintiffs' allegation and also has asserted that it is entitled to an offset for additional compensation it paid to Plaintiffs which it was not required to pay under the FLSA.

### SETTLEMENT

11.     All Plaintiffs agree to have dismissed with prejudice with each party to bear its own costs the Lawsuits and agree to take any and all necessary steps to accomplish the dismissal with prejudice of the Lawsuits, including, but not limited to, authorizing their counsel to submit to the Court the documents necessary to obtain court approval.

12.   MBUSI agrees to make payment in the gross amount of $5,000.00, less usual and customary deductions, to each Plaintiff.

13.   Said payment will be made by check within thirty (30) days after the effective date of this Settlement Agreement.

14.   MBUSI agrees to make payment to Plaintiffs' counsel in the total sum of $100,000.00 which represents: (1) payment of costs of approximately $30,966.94;[1] and (2) attorney fees in the amount of $69,033.06.   Payment of this amount will be made within thirty (30) days after the effective date of this Settlement Agreement.   Payment will be made by check made payable to the order of Thierman Buck LLP.   Thierman Buck LLP will be required to provide in advance of payment a fully executed W-9 form to MBUSI as a condition precedent to receipt of this payment.   In addition, MBUSI will issue a Form 1099-MISC to Thierman Buck LLP for this payment.

15.   Thus, the total amount paid by MBUSI pursuant to this Settlement Agreement will be $200,000.00.

16.   Plaintiffs allege that they were on call during their lunch periods and that they should have been paid for those lunches.   MBUSI alleges that there was no

---

[1] This represents the actual amount of out of pocket expenses incurred as of the date of signature plus Five Thousand and No/100 ($5,000.00) Dollars to be paid to Plaintiff David Ledbetter for his work and service assisting Plaintiffs' counsel on behalf of all Plaintiffs.   Plaintiff Ledbetter was responsible for maintaining contact with Plaintiffs' counsel, supplying and relaying information regarding the Plaintiffs' claims, reviewing and collecting documents, and otherwise participating as the lead Plaintiff in this group action.

7

uncertainty regarding the appropriate policy to be followed relating to lunch periods and to the extent there was any uncertainty, MBUSI made clear its policy in the Spring of 2010.   Plaintiffs dispute that MBUSI's policy was clear and there continued to be a dispute regarding the lunch period policy.   By this Settlement Agreement, MBUSI and Plaintiffs state clearly MBUSI's current lunch policy for Maintenance Team Members and Team Leaders.

17.   MBUSI's lunch period policy for Maintenance Team Members and Team Leaders is as follows:

(A) MBUSI at all times retains the right to schedule its Maintenance Team Members and Team Leaders and to modify its lunch period policy;

(B) Maintenance Team Members and Team Leaders are scheduled to take an unpaid, uninterrupted lunch period each work day during a normal production shift;

(C) On certain non-production maintenance work days such as weekends and holidays, Maintenance Team Members and Team Leaders may be scheduled to work a shift without a lunch period and they are paid for all time worked on such a shift;

(D)  If Maintenance Team Members or Team Leaders are interrupted during their lunch period, Maintenance Team Members or Team Leaders are directed to work with their Group Leader to schedule another lunch period if possible;

8

(E) In the event that Maintenance Team Members or Team Leaders do not receive a full uninterrupted lunch period during their work day, he/she should fill out and submit an overtime request sheet and he/she will be paid for the lunch period;

(F)   No Maintenance Team Member or Team Leader complying with this policy will be retaliated against by MBUSI for seeking pay for a missed lunch period;

(G)   In the absence of unusual or abnormal conditions, Maintenance Team Members and Team Leaders are permitted to turn off their radios during lunch, take lunch off premises, and/or otherwise engage in personal activities during their lunch period; and

(H)   Generally, MBUSI does not consider a brief question or comment to constitute an interruption to the lunch period.

18.   Plaintiffs and counsel for Plaintiffs understand and agree that any federal, state or local taxes or other legal obligations applicable to the above-listed payments are their responsibility alone. Plaintiffs shall indemnify and hold harmless MBUSI for any additional taxes and fines or penalties that may be assessed against MBUSI because of the allocation of the settlement amounts set out hereinabove. Plaintiffs' counsel and MBUSI disclaim any and all tax liability.

9

19.     Plaintiffs understand and agree that they are solely and exclusively responsible for any claim, lien, set off or other rights that any other person has to any part of the aforementioned settlement amounts and that Plaintiffs will indemnify, defend and hold MBUSI harmless in the event that any other person or entity makes any claim whatsoever against MBUSI by reason of any interest in the aforementioned settlement amounts. Plaintiffs and counsel for Plaintiffs understand that MBUSI will issue any and all necessary tax documents required by state or federal law as a result of the payment of the settlement amounts set out hereinabove.

20.     No payment made pursuant to this Settlement Agreement shall constitute or be considered "wages", "earnings", or "compensation" for any purpose under any retirement plan, welfare plan, pay practice, stock purchase plan, bonus plan, employee stock ownership plan, or vacation policy of MBUSI.

21.     Plaintiffs and counsel for Plaintiffs agree that the monetary payments made pursuant to paragraphs 13 and 15 above are the only monetary payments due them in connection with this Settlement Agreement.

22.     Plaintiffs hereby release and waive all claims and damages asserted by them in the Lawsuits or which could have been asserted by them in the Lawsuits pursuant to the FLSA against MBUSI, its parent, subsidiaries, affiliates, entities, their officers, directors, agents, shareholders, employees, former employees, attorneys, representatives, successors and assigned (collectively "Releasees") as of

10

the effective date of this Settlement Agreement. This release and waiver includes all claims and damages which could have been asserted by David Sturdivant if he had filed a motion to join the Lawsuits.

23.    Plaintiffs covenant not to sue and agree and acknowledge that if they individually or collectively institute or cause to be instituted, or allow to be instituted on their behalf, any claim, action, cause of action or complaint pursuant to the FLSA related to the claims and damages asserted in the Lawsuits occurring on or before the effective date of this Settlement Agreement, against MBUSI or any of the Releasees, that they will indemnify and hold harmless MBUSI and the Releasees from any and all damages, judgment, interest, cost and expenses of litigation, including attorney fees of any such action or cause of action.

24.    The Plaintiffs warrant that they have not filed any other claims, complaints or actions pursuant to the FLSA against MBUSI, with any local, state or federal agency or court, individually or in concert with others, and that if any such agency or court assumes jurisdiction of any such action against MBUSI on their behalf, they will request such agency or court to dismiss the matter.

25.    In the event of the death of any Plaintiff prior to the date payment is due to be made to that Plaintiff under this Settlement Agreement, payment will be made to his estate.

25641686 v1

26.    Plaintiffs agree that their estates, heirs, personal representatives, executors, administrators, successors, assigns, employees and other representatives or agents shall be fully bound by this Settlement Agreement and all provisions thereof, just as they are bound.

27.    The parties hereto understand and agree that this Settlement Agreement may be presented to the United States District Court for the Northern District of Alabama, Western Division, for court approval and as a result will become a public record.

28.    Should any provision of this Settlement Agreement require interpretation or construction, it is agreed by the parties hereto that the Court, administrative body, or other entity interpreting or construing this document shall apply the law of the State of Alabama and federal common law applicable in Alabama without regard to Alabama's choice of law principles and shall not apply any presumption that the provisions hereof shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed more strictly against the party who itself or through its agents prepared the same, it being agreed that all parties hereto and/or their respective attorneys and agents have fully participated in the preparation of all provisions of this document. The exclusive jurisdiction and venue for all claims involving the interpretation, enforcement and breach of this Settlement Agreement are the state and federal courts sitting in

Tuscaloosa County, Alabama. The parties waive their right to a jury trial as to any claim involving the interpretation, enforcement, or breach of this Settlement Agreement.

29.     The parties represent and acknowledge that no promise, inducement, or agreement other than what is expressed herein has been made and this Settlement Agreement contains the entire understanding and agreement of the parties. Any modification of this Settlement Agreement shall be ineffective unless in writing signed by the party against whom it is to be enforced. The parties further declare that they have read and fully understand and voluntarily accept the terms and conditions of the Settlement Agreement, including the release and waiver set forth in paragraph 22 above.

30.     The parties to this Settlement Agreement understand and agree that this Settlement Agreement must be approved by the United States District Court for the Northern District of Alabama ("the Court") and that if the Court does not approve this Settlement Agreement it is null and void and is inadmissible evidence.

31.     The effective date of this Settlement Agreement is thirty (30) days after the Court approves this Settlement Agreement and dismisses with prejudice with each party to bear its own costs the Lawsuits and no appeal is taken.

32.     By their signatures below, the undersigned represent that they are fully authorized to execute this Settlement Agreement on behalf of their respective clients.

13

APPROVED BY:

Date: _Nov. 25, 2015_                          _David Ledbetter_ (signature)
                                               David Ledbetter

Date: _____                          _____
                                               Richard Curtis

Date: _____                          _____
                                               Forrest Scott Fikes

Date: _____                          _____
                                               Dennis Finnen

Date: _____                          _____
                                               Richard E. Gonzalez

Date: _____                          _____
                                               Clinton M. Johnson

Date: _____                          _____
                                               Jeffrey L. McAllister

Date: _____                          _____
                                               Timothy A. Nichols

33.    This Settlement Agreement may be executed in counterparts.

APPROVED BY:

Date: _____        _____
                               David Ledbetter

Date: _20 Nov. 2015_          _Richard Curtis_____
                               Richard Curtis

Date: _____        _____
                               Forrest Scott Fikes

Date: _____        _____
                               Dennis Finnen

Date: _____        _____
                               Richard E. Gonzalez

Date: _____        _____
                               Clinton M. Johnson

Date: _____        _____
                               Jeffrey L. McAllister

Date: _____        _____

14

33.   This Settlement Agreement may be executed in counterparts.

APPROVED BY:

Date: _____          _____
                                      David Ledbetter


Date: _____          _____
                                      Richard Curtis


Date: __11 - 25 - 15__                 *Forrest Scott Fikes* (signature)
                                      Forrest Scott Fikes


Date: _____          _____
                                      Dennis Finnen


Date: _____          _____
                                      Richard E. Gonzalez


Date: _____          _____
                                      Clinton M. Johnson


Date: _____          _____
                                      Jeffrey L. McAllister


Date: _____          _____

14

33.   This Settlement Agreement may be executed in counterparts.

**APPROVED BY:**

Date: _____        _____
                              David Ledbetter


Date: _____        _____
                              Richard Curtis


Date: _____        _____
                              Forrest Scott Fikes


Date: 11-24-15                _____
                              Dennis Finnen


Date: _____        _____
                              Richard E. Gonzalez


Date: _____        _____
                              Clinton M. Johnson


Date: _____        _____
                              Jeffrey L. McAllister


Date: _____        _____

14

25641686 v1

17

33.    This Settlement Agreement may be executed in counterparts.

**APPROVED BY:**

Date _____        _____
                                       David Ledbetter

Date _____        _____
                                       Richard Curtis

Date _____        _____
                                       Forrest Scott Pikes

Date _____        _____
                                       Dennis Pinner

Date _11/24/15_____          _____
                                       Richard E. Gonzalez

Date _____        _____
                                       Clinton M. Johnson

                                       _____
                                       Jeffrey L. McAllister

                                       _____

14

33.   This Settlement Agreement may be executed in counterparts.

APPROVED BY:

Date: _____          _____
                                   David Ledbetter


Date: _____          _____
                                   Richard Curtis


Date: _____          _____
                                   Forrest Scott Fikes


Date: _____          _____
                                   Dennis Finnen


Date: _____          _____
                                   Richard E. Gonzalez


Date: _____          _____
                                   Clinton M. Johnson


Date: _____          _____
                                   Jeffrey L. McAllister


Date: _____          _____

25841686 v1                                14

33.   This Settlement Agreement may be executed in counterparts.

APPROVED BY:

Date: _____        _____
                               David Ledbetter

Date: _____        _____
                               Richard Curtis

Date: _____        _____
                               Forrest Scott Fikes

Date: _____        _____
                               Dennis Finnen

Date: _____        _____
                               Richard E. Gonzalez

Date: _____        _____
                               Clinton M. Johnson

Date: *Nov. 29, 2015*          _____
                               Jeffrey L. McAllister

Date: _____        _____

14

33.    This Settlement Agreement may be executed in counterparts.

APPROVED BY:

Date: _____          _____
                                 David Ledbetter


Date: _____          _____
                                 Richard Curtis


Date: _____          _____
                                 Forrest Scott Fikes


Date: _____          _____
                                 Dennis Finnen


Date: _____          _____
                                 Richard E. Gonzalez


Date: _____          _____
                                 Clinton M. Johnson


Date: _____          _____
                                 Jeffrey L. McAllister

Date: _11/27/15_____         _____

25641686 v1                                    14

Timothy A. Nichols

Date: _11-09-2015_

_Maurice E. Phillips_
Maurice E. Phillips

Date: _____

Danny R. Simmons

Date: _____

Brad Walker

Date: _____

Marty J. Weaver

Date: _____

Clyde T. Whitley

Date: _____

Donald R. Williams

Date: _____

Jimmy Hudson

Date: _____

15

Timothy A. Nichols

Date: _____

Maurice E. Phillips

Date: 11/29/2015

Danny R. Simmons

Date: _____

Brad Walker

Date: _____

Marty J. Weaver

Date: _____

Clyde T. Whitley

Date: _____

Donald R. Williams

Date: _____

Jimmy Hudson

Date: _____

15

Timothy A. Nichols

Date: _____

Maurice E. Phillips

Date: _____

Danny R. Simmons

Date: 11-11-15 _____

_Brad Walker_

Brad Walker

Date: _____

Marty J. Weaver

Date: _____

Clyde T. Whitley

Date: _____

Donald R. Williams

Date: _____

Jimmy Hudson

Date: _____

_____

15

Timothy A. Nichols

Date: _____                    _____
                                         Maurice B. Phillips

Date: _____                    _____
                                         Danny R. Simmons

Date: _____                    _____
                                         Brad Walker

Date: _____                    _____
                                         Marty J. Weaver

Date: _____                    _____
                                         Clyde T. Whitley

Date: _____                    _____
                                         Donald R. Williams

Date: _____                    _____
                                         Jimmy Hudson

Date: _____                    _____

15

Timothy A. Nichols

Date: _____

_____
Maurice E. Phillips

Date: _____

_____
Danny R. Simmons

Date: _____

_____
Brad Walker

Date: _____

_____
Marty J. Weaver

Date: _11-28-15_

_____
Clyde T. Whitley

Date: _____

_____
Donald R. Williams

Date: _____

_____
Jimmy Hudson

Date: _____

_____

15

Timothy A. Nichols

Date: _____

_____
Maurice E. Phillips

Date: _____

_____
Danny R. Simmons

Date: _____

_____
Brad Walker

Date: _____

_____
Marty J. Weaver

Date: _____

_____
Clyde T. Whitley

Date: 11/18/2015

_____
Donald R. Williams

Date: _____

_____
Jimmy Hudson

Date: _____

_____

Timothy A. Nichols

_____

Maurice E. Phillips

Date: _____

_____

Danny R. Simmons

Date: _____

_____

Brad Walker

Date: _____

_____

Marty J. Weaver

Date: _____

_____

Clyde T. Whitley

Date: _____

_____

Donald R. Williams

Date: _____

*11 - 18 - 2015*

Date: *11 - 18 - 15*

_____

Jimmy Hudson

Date: _____

_____

15

25641686 v1

Timothy A. Nichols

Date: _____

Maurice E. Phillips

Date: _____

Danny R. Simmons

Date: _____

Brad Walker

Date: _____

Marty J. Weaver

Date: _____

Clyde T. Whitley

Date: _____

Donald R. Williams

Date: _____

Jimmy Hudson

Date: 12/1/2015

Timothy Jones

15

Timothy Jones

Date: 11-19-15                    _Denis O. Kenndy_____
                                  Dennis O. Kennedy

Date: _____             _____

                                  Rex Robertson

Date: _____             _____

                                  Donald P. Smith

Date: _____             _____

                                  David Sturidvant


ATTORNEY FOR PLAINTIFFS


_____
Mark R. Thierman
Joshua D. Buck
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada  89511


16

Timothy Jones

Date: _____                    _____

                                         Dennis O. Kennedy

Date: _11-24-15_                         _Rex Robertson_ (signature)

                                         Rex Robertson

Date: _____                    _____

                                         Donald P. Smith

Date: _____                    _____

                                         David Sturidvant

ATTORNEY FOR PLAINTIFFS

_____

Mark R. Thierman
Joshua D. Buck
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada  89511

16

Timothy Jones

Date: _____

_____

Dennis O. Kennedy

Date: _____

_____

Rex Robertson

Date: 11-16-15

*Donald P. Smith*

Donald P. Smith

Date: _____

_____

David Sturidvant

ATTORNEY FOR PLAINTIFFS

_____

Mark R. Thierman
Joshua D. Buck
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada  89511

2564 686 v1

16

Timothy Jones

Date: _____

_____
Dennis O. Kennedy

Date: _____

_____
Rex Robertson

Date: _____

_____
Donald P. Smith

Date: _1-11-15_

_____
David Sturidvant

ATTORNEY FOR PLAINTIFFS

_____
Mark R. Thierman
Joshua D. Buck
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada  89511

25641686 v1

16

Timothy Jones

Date: _____          _____

Dennis O. Kennedy

Date: _____          _____

Rex Robertson

Date: _____          _____

Donald P. Smith

Date: _____          _____

David Sturidvant

ATTORNEY FOR PLAINTIFFS

_____
Mark R. Thierman
Joshua D. Buck
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada  89511

16

25641686 v1

ATTORNEY FOR PLAINTIFFS

_____

Mark R. Thierman
Joshua D. Buck
Thierman Buck LLP
7287 Lakeside Drive
Reno, Nevada  89511

MERCEDES-BENZ U.S. INTERNATIONAL, INC.

_____  Dec 2, 2015
Matthew J. Everitt

17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID LEDBETTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: |
| | ) | 7:10-CV-00467-SLB |
| MERCEDES-BENZ U.S. | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

## EXHIBIT 2



**Memorandum**

Re:           Ledbetter v. MBUSI

David Ledbetter in 2008 worked 273 days.  Pursuant to overtime request forms, he requested overtime for lunch worked 18 times.  The percentage is 6.593 rounded up to 7%.

- ■     The Offset for 2008 is $6488.30 (amount <u>includes lunches</u> worked)

- ■     The Offset for 2009 is $2810.12 (not including lunches worked)

- ■     The Offset for 2010 is $3068.73 (not including lunches worked)

From 12/29/08 through 12/27/09, Ledbetter worked 253 days.

7% of 253 = 17.71 x OT lunch rate ($51.72 x .75) = $686.97
33% of 253 =83.5 x OT lunch rate ($51.72 x .75) = $3238.97
50% of 253 =126.5 x OT lunch rate ($51.72 x .75) = $4906.94
75% of 253 = 189.75 x OT lunch rate ($51.72 x .75) = $7360.40
100% of 253 = 253.00 x OT lunch rate ($51.72 x .75) =$9813.87

From 12/28/09 through 03/31/10, Ledbetter worked 77 days.

7% of 77 = 5.39 x OT lunch rate ($51.72 x .75) = $209.08
33% of 77 = 25.41 x OT lunch rate ($51.72 x .75) = $985.65
50% of 77 = 38.5 x OT lunch rate ($51.72 x .75) = $1493.42
75% of 77 = 57.75 x OT lunch rate ($51.72 x .75) = $2240.12
100% of 77 = 77.00 x OT lunch rate ($51.72 x .75) = $2986.83

MBUSI 04833
Ledbetter v. MBUSI
Confidential Subject to Protective Order

Following is chart re total offset with various percentages:[1]

| OFFSET | $12,367.15 | $12,367.15 | $12,367.15 | $12,367.15 | $12,367.15 |
|---|---|---|---|---|---|
| | at 7 % | at 33 % | at 50% | at 75% | at 100% |
| subtract for lunches | 686.97 (2009) 209.08 (2010) | 3238.97 (2009) 985.65 (2010) | 4906.94 (2009) 1493.42 (2010) | 7360.40 (2009) 2240.12 (2010) | 9813.87 (2009) 2986.83 (2010) |
| OFFSET after lunches | $11,471.10 | $8142.53 | $5966.79 | $2766.63 | $[-] 433.55 |

/lgm

---

[1]     The calculations assume that Ledbetter was entitled to a lunch every day that he worked and that the lunch would be paid at the overtime rate.  However, according to Ledbetter' pay and time records, Ledbetter was not entitled to a lunch every day because some days he worked for half a day or less and not every lunch would need to be paid at the overtime rate because he did not work over 40 hours every week

2

MBUSI 04834
Ledbetter v. MBUSI
Confidential Subject to Protective Order

BURR ••• FORMAN LLP

**Memorandum**

Re:     Forrest Scott Fikes v. MBUSI [Ledbetter]

For Offset calculations I will use 10%, 33%, 50%, 75% & 100%

■     The Offset for 2008 is $8729.16 (not including lunches worked)

■     The Offset for 2009 is $3939.34 (not including lunches worked)

■     The Offset for 2010 is $2922.10 (not including lunches worked)

From 12/31/07 through 12/28/08, Fikes worked 267 days.

    10% of 267 = 26.7 x OT lunch rate ($51.72 x .75) = $1035.69
    33% of 267 = 88.11 x OT lunch rate ($51.72 x .75) = $3417.79
    50% of 267 = 133.50 x OT lunch rate ($51.72 x .75) = $5178.47
    75% of 267 = 200.25 x OT lunch rate ($51.72 x .75) = $7767.70
    100% of 267 = 267.00 x OT lunch rate ($51.72 x .75) = $10,356.93

From 12/29/08 through 12/27/09, Fikes worked 250 days.

    10% of 250 = 25.00 x OT lunch rate ($51.72 x .75) = $969.75
    33% of 250 = 82.50 x OT lunch rate ($51.72 x .75) = $3200.18
    50% of 250 = 125.00 x OT lunch rate ($51.72 x .75) = $4848.75
    75% of 250 = 187.50 x OT lunch rate ($51.72 x .75) = $7273.13
    100% of 250 = 250.00 x OT lunch rate ($51.72 x .75) = $9697.50

From 12/28/09 through 03/31/10, Fikes worked 67 days.

    10% of 67 = 6.70 x OT lunch rate ($51.72 x .75) = $259.89
    33% of 67 = 22.11 x OT lunch rate ($51.72 x .75) = $857.65
    50% of 67 = 33.30 x OT lunch rate ($51.72 x .75) = $1299.47
    75% of 67 = 50.25 x OT lunch rate ($51.72 x .75) = $1949.20
    100% of 67 = 67.00 x OT lunch rate ($51.72 x .75) = $2598.93

Following is chart re: total offset with various percentages:[1]

| OFFSET | $15,590.60 | $15,590.60 | $15,590.60 | $15,590.60 |
|---|---|---|---|---|
| | at 10 % | at 33 % | at 50% | at 75% |
| subtract for lunches | 1035.69   (2008) 969.75   (2009) 259.89   (2010) | 3417.79   (2008) 3200.18   (2009) 857.65   (2010) | 5178.47   (2008) 4848.75   (2009) 1299.47   (2010) | 7767.70   (2008) 7273.13   (2009) 1949.20   (2010) |
| OFFSET after lunches | $13,325.27 | $8114.98 | $4263.91 | [-] $1399.43 |

| OFFSET | $15,590.60 |
|---|---|
| | at 100 % |
| subtract for lunches | 10,356.93   (2008) 9697.50   (2009) 2598.93   (2010) |
| OFFSET after lunches | $[-] 7062.76 |

/lgm

---

[1]      The calculations assume that Fikes was entitled to a lunch every day that he worked and that the lunch would be paid at the overtime rate.  However, according to Fikes' pay and time records, Fikes was not entitled to a lunch every day because some days he worked for half a day or less and not every lunch would need to be paid at the overtime rate because he did not work over 40 hours every week.

2

MBUSI 04556
Ledbetter v. MBUSI
Confidential Subject to Protective Order

**BURR • • • FORMAN** LLP

## Memorandum

Re:        Clinton Johnson v. MBUSI  [Ledbetter]

For Offset calculations I will use 10%, 33%, 50%, 75% & 100%

- ▪    The Offset for 2008 is $6863.72 (not including lunches worked)

- ▪    The Offset for 2009 is $3830.79 (not including lunches worked)

- ▪    The Offset for 2010 is $2791.41 (not including lunches worked)

From 12/31/07 through 12/28/08, Johnson worked 267 days.

        10% of 267 = 26.70 x OT lunch rate ($49.26 x .75) = $986.43
        33% of 267 = 88.11 x OT lunch rate ($49.26 x .75) = $3255.22
        50% of 267 = 133.50 x OT lunch rate ($49.26 x .75) = $4932.16
        75% of 267 = 200.25 x OT lunch rate ($49.26 x .75) = $7398.24
        100% of 267 = 267.00 x OT lunch rate ($49.26 x .75) = $9864.32

From 12/29/08 through 12/27/09, Johnson worked 248 days.

        10% of 248 = 24.80 x OT lunch rate ($49.26 x .75) = $916.24
        33% of 249 = 81.84 x OT lunch rate ($49.26 x .75) = $3023.58
        50% of 249 = 124.00 x OT lunch rate ($49.26 x .75) = $4581.18
        75% of 249 = 186.00 x OT lunch rate ($49.26 x .75) = $6871.77
        100% of 248 = 248.00 x OT lunch rate ($49.26 x .75) = $9162.36

From 12/28/09 through 03/28/10, Johnson worked 81 days.

        10% of 81 = 8.10 x OT lunch rate ($49.26 x .75) = $299.25
        33% of 81 = 26.73 x OT lunch rate ($49.26 x .75) = $987.54
        50% of 81 = 40.50 x OT lunch rate ($49.26 x .75) = $1496.27
        75% of 81 = 60.75 x OT lunch rate ($49.26 x .75) = $2244.41
        100% of 81 = 81.00 x OT lunch rate ($49.26 x .75) = $2992.55

**MBUSI 04732**
**Ledbetter v. MBUSI**
**Confidential Subject to Protective Order**

Following is chart re: total offset with various percentages:[1]

| OFFSET | $13,485.92 | $13,485.92 | $13,485.92 | $13,485.92 |
|---|---|---|---|---|
|  | at 10 % | at 33 % | at 50% | at 75% |
| subtract for lunches | 986.43    (2008)<br>916.24    (2009)<br>299.25    (2010) | 3255.22    (2008)<br>3023.58    (2009)<br>987.54    (2010) | 4932.16    (2008)<br>4581.18    (2009)<br>1496.27    (2010) | 7398.24    (2008)<br>6871.77    (2009)<br>2244.41    (2010) |
| OFFSET after lunches | $11,284.00 | $6,219.58 | $2,476.31 | [-] $3,028.50 |

| OFFSET | $13,485.92 |
|---|---|
|  | at 100 % |
| subtract for lunches | 9864.32    (2008)<br>9162.36    (2009)<br>2992.55    (2010) |
| OFFSET after lunches | $[-] 8,533.31 |

/lgm

---

[1]      The calculations assume that Johnson was entitled to a lunch every day that he worked and that the lunch would be paid at the overtime rate.  However, according to Johnson' pay and time records, Johnson was not entitled to a lunch every day because some days he worked for half a day or less and not every lunch would need to be paid at the overtime rate because he did not work over 40 hours every week.

2

MBUSI 04733
Ledbetter v. MBUSI
Confidential Subject to Protective Order

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **DAVID LEDBETTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | **7:10-CV-00467-SLB** |
| **MERCEDES-BENZ U.S.** | ) | |
| **INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

## EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | |
|---|---|
| DAVID LEDBETTER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION NO:** |
| | )     **7:10-CV-00467-SLB** |
| MERCEDES-BENZ U.S. | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| **Defendant.** | ) |

## DECLARATION OF JOSHUA D. BUCK IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

I, Joshua D. Buck, hereby declare and state as follows:

1.      The following declaration is based upon my own personal observation and knowledge, and if called upon to testify to the things contained herein, I could competently so testify.

2.      I am a partner with the Thierman Buck, LLP and am admitted to practice law in the states of California and Nevada and the United States District Court District of Nevada, Northern District of California, Southern District of California, Central District of California, and the Ninth Circuit Court of Appeals. I am admitted *pro hac vice* in this Court.

3.      I am an attorney of record for Plaintiffs David Ledbetter, Richard Curtis, Forest Scott Fikes, Dennis Finnen, Richard E. Gonzalez, Clinton M. Johnson, Jeffrey L. McAllister, Timothy A. Nichols, Maurice E. Phillips, Danny R. Simmons, Brad Walker, Marty J. Weaver, Clyde T. Whitley, Donald R. Williams, Jimmy Hudson, Timothy Jones, Dennis O. Kennedy, Rex Robertson,

Donald P. Smith, David Sturdivant (collectively "Plaintiffs") in this action against Defendant Mercedes-Benz U.S. International, Inc. ("Defendant").

## QUALIFICATIONS

4.    I graduated *cum laude* from Southwestern School of Law in Los Angeles, California, in 2008 and am co-author of an article published in the Southwestern Law Review entitled *Employer-Sponsored Wellness Programs: Should Your Employer Be The Boss of More Than Your Work Life?*, 38 Sw. L. Rev. 465 (2009).  Immediately following law school I served as a judicial clerk for Honorable Ron D. Parraguirre at the Nevada Supreme Court for two (2) years from 2008 to 2010.

5.    I have been a licensed attorney since 2008 and have dedicated my practice to representing employees in wage and hour class actions since 2010. During this time I have been actively involved as counsel of record in numerous wage an hour cases in California and Nevada where Thierman Buck (formally Thierman Law Firm) has been designated as Class Counsel. The following is a list of the most recent cases and class action settlements that I have been involved in: *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525 (9th Cir. Nev. Apr. 12, 2013), *cert. granted* 2014 WL 801096 (Mar. 3, 2014); *Raymond Sullivan, et. al. v. Riviera Holdings Corp. dba Riviera Hotel and Casino*, Case No. 2:14-cv-00165-APG-VCF (D. Nev.) (collective and class action case seeking unpaid wages on behalf of employees who use a cash bank); *Tiffany Sargant, et. al. v. HG Staffing, LLC, MEI-GSR Holdings LLC dba Grand Sierra Resort*, Case No. 3:13-cv-453-LRH-WGC (D. Nev.) (conditionally certified class of employees who worked off-the-clock, including employees who use a cash bank); *Danielle Ficken, et. al. v. New Castle Corp. dba Excalibur Hotel and Casino*, Case No. 2:13-cv-00600-APG-GWF (D. Nev.) ($1.1 million collective and class settlement on behalf of employees who use a cash bank); *Tenisha Martin, et. al. v. Ramparts, Inc. dba Luxor Hotel and Casino*, 2:13-cv-00736-APG-VCF (D. Nev.) ($1.3 million

collective and class settlement on behalf of employees who use a cash bank); *Dorothy Turk-Mayfield v. Wynn Las Vegas, LLC*, Case No. A-13-683389-C (Clark County, Nevada, District Court) ($1.8 million dollar class action settlement for off-the-clock banking activities); *Darlene Lewis v. ARIA Resort & Casino, LLC*, Case No. A-12-663812-C (Clark County, Nevada, District Court) ($1.39 million dollar class action settlement for off-the-clock banking activities); *Natalie Antionett Garcia, et. al. v. American General Finance Management Corporation, et. al.*, Case No. 09-CV-1916-DMG (OPx) ($1.7 million dollar class settlement improper payment of wages); *Jeffrey Clewell v. Heavenly Valley Ltd*, Case No. 12-CV-00282-DC (Douglas County, Nevada, District Court) ($625,000 class settlement for unpaid overtime and waiting time penalties); *Salvador Duarte, et. al. v. General Parts, Inc., et al.*, Case No. RG-13-670382 (Alameda County, California, Superior Court) ($650,000 class action settlement for alleged off-the-clock violations); *Victor Zapata v. M.C. Gill Corporation*, Case No. BC409066 (Los Angeles County, California, Superior Court) (reaching a $1 million dollar class settlement for improper rounding).

## THIS LITIGATION

6.     This lawsuit was filed as collective action on March 9, 2010, alleging that Plaintiffs were "on-call" during their lunch periods and, as a result, Defendant failed to properly compensate them and a class of similarly situated and typical employees for all overtime hours worked during their lunch breaks.

7.     Plaintiffs moved to certify this action as a collective action under the Fair Labor Standards Act ("FLSA") on November 30, 2010.  This Court denied Plaintiffs' motion on March 22, 2012.

8.     Defendant then moved for summary judgment on Plaintiffs claims on April, 5, 2013.  This Court denied Defendant's motion for summary judgement on March 24, 2014.

9.     On August 17, 2015, this Court ordered that the Plaintiffs joined in the *Ledbetter* action be separated into the following separate cases:

- *Richard Curtis v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01392-SLB
- *Forrest Scott Fikes v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01393-SLB
- *Dennis Finnen v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01394-SLB
- *Richard Gonzalez v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01395-SLB
- *Clinton Johnson v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01396-SLB
- *Jeffrey McAllister v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01397-SLB
- *Timothy Nichols v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01398-SLB
- *Maurice Phillips v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the Northern District of Alabama, Western Division; Civil Action No: 7:15-cv-01399-SLB
- *Danny Simmons v. Mercedes-Benz U.S. International, Inc.*, In the United States District Court for the

Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01400-SLB

- *Brad Walker v. Mercedes-Benz U.S. International,
Inc.*, In the United States District Court for the
Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01401-SLB

- *Marty Weaver v. Mercedes-Benz U.S. International,
Inc.*, In the United States District Court for the
Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01402-SLB

- *Clyde Whitley v. Mercedes-Benz U.S. International,
Inc.*, In the United States District Court for the
Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01403-SLB

- *Donald    Williams    v.    Mercedes-Benz    U.S.
International, Inc.*, In the United States District Court
for the Northern District of Alabama, Western
Division; Civil Action No: 7:15-cv-01404-SLB

- *Jimmy Hudson v. Mercedes-Benz U.S. International,
Inc.*, In the United States District Court for the
Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01405-SLB

- *Timothy Jones v. Mercedes-Benz U.S. International,
Inc.*, In the United States District Court for the
Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01406-SLB

- *Dennis Kennedy v. Mercedes-Benz U.S. International,
Inc.*, In the United States District Court for the
Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01407-SLB

- *Rex Robertson v. Mercedes-Benz U.S. International,
Inc.*, In the United States District Court for the
Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01408-SLB

- *Timothy Smith v. Mercedes-Benz U.S. International,
Inc.*, In the United States District Court for the
Northern District of Alabama, Western Division; Civil
Action No: 7:15-cv-01409-SLB

10.     Over the course of this litigation, Defendant has taken the deposition of every plaintiff at least once, and some of them on two separate occasions. Plaintiffs and Defendants also took the depositions of their respective experts. The parties also exchanged thousands of pages of documents, including the employment personnel files for each Plaintiff, the time keeping records for each Plaintiff, and employment policies and procedures.

11.     Ultimately, after years of litigation, the Parties started to engage in serious settlement discussions on or about September 2015.  The Parties engaged in various discussions regarding their respective positions, such as whether a Plaintiffs would convince the Court that the Eleventh Circuit's "completely relieved of duty" standard would withstand a challenge in favor of a "predominate benefit" standard for determining the compensability of a meal period and whether Defendant would be successful in asserting its offset defense which would effectively minimize (if not eliminate altogether) Plaintiffs' damages even if they prevailed at trial.    Ultimately, the Parties agreed to resolve the dispute rather than engage in further protracted litigation.

## THE SETTLEMENT IS FAIR AND REASONABLE

12.     Ultimately, it is the opinion of Plaintiffs' lead counsel, myself and Mark R. Thierman (both of whom are experienced wage and hour class action attorneys), that the Wage and Hour Release and Settlement Agreement ("Settlement") is fair and reasonable and represents a better alternative than continued litigation under all the circumstances.

13.     The Settlement was the product of arms-length direct negotiation between experienced counsel.  Unlike a class or collective action settlement where the Court acts as a guardian for putative class members who have not had a chance to affirmatively agree to a proposed settlement, here all the Parties have assented to the Settlement. Each Plaintiff has independently signed the Settlement and agreed to its terms.

14.    The Settlement is fair and reasonable resolution of a bona fide dispute of wages under the FLSA given the relative strength and weaknesses of the Parties' positions.  This action stemmed from Plaintiffs' belief that they were on-call all day, including during their lunch periods, and thus their unpaid lunch time should have been counted as hours worked.  Plaintiffs' relied, in large part, upon what they believed to be the relevant standard for determining the compensability of meal periods in the Eleventh Circuit—the "completely relieved of duty" standard.  Under this standard, Plaintiffs alleged that because they were not permitted to turn off their radios, leave the facility, and had to answer questions during their lunch period, they should have been compensated for that time. Defendant countered Plaintiffs' factual allegations and the legal framework for which they relied upon—arguing that the Eleventh Circuit has never applied the "completely relieved of duty" standard and instead, if given the opportunity, would likely clarify that the correct standard for determining the compensability of lunch periods must be looked at under a the "predominate benefit" test.

15.    The legal standard to be applied would admittedly affect the likely chance of success on Plaintiffs' claims.  While Plaintiffs believe that the Eleventh Circuit clearly adopted the "completely relieved of duty" standard in *Kohlheim v. Glynn County,* 915 F.2d 1473 (11th Cir.1990), that standard has fallen out of favor in every other circuit across the country and has recently been rejected by the Third Circuit, *see Babcock v. Butler Cty.,* No. 14-1467, 2015 WL 7444875 (3d Cir. Nov. 24, 2015).  The uncertainty surrounding the legal test to be applied for determining lunch period claims seriously weakened Plaintiffs' claims for relief.

16.    Just as important of a consideration to mutually resolve this case was Defendant's argument limiting liability based upon an equitable offset of potential damages.  Defendant consistently argued that even if Plaintiffs prevail on the merits of their claims (and are able to convince a trier of fact that they are entitled to be paid for every single lunch period for every day they worked) Plaintiffs'

1   damages would be greatly reduced because Defendant paid in excess of what was
2   required by the FLSA in numerous ways (*e.g.*, time and half after eight hours,
3   double time on Sunday). *See Kohlheim v. Glynn Cnty., Ga.*, 915 F.2d 1473, 1481
4   (11th Cir. 1990) ("The FLSA mandates that "extra" compensation paid by an
5   employer be credited toward overtime compensation due."). From Plaintiffs'
6   perspective, there was a very real risk that even if they were able to successfully
7   defeat Defendant's motions for summary judgment and ultimately prevail at trial
8   that they would be only entitled to recover a fraction of the damages for their meal
9   period claims.

10      17.    Given these strengths and weaknesses present in this case, the
11  inherent risk in litigation, and in consideration for a quick and certain payout of
12  funds ***and*** a policy statement concerning meal periods, the Settlement is positive
13  result for Plaintiffs.

14              **<u>HOURS WORKED AND BILLABLE RATES</u>**

15      18.    A total of five attorneys from two law firms expended time
16  representing Plaintiffs in this matter. Mark R. Thierman and Joshua D. Buck,
17  partners of Thierman Buck, LLP, and Tom Campbell, Kieron McGowin and
18  Robert Walker of Campbell Law, P.C., billed time in this case as follows:

19          a.    I, Joshua D. Buck, worked a total of 126.5 hours on this
20              matter to date. My billable rate on FLSA wage and hour
21              actions is $500 per hour.[1]

22          b.    Mark Thierman worked a total of 77 hours on this matter
23              to date. Mr. Thierman's billable rate on FLSA wage and
24              hour actions is $800 per hour.

25

26

27  [1] This includes approximately 18 hours that Plaintiffs' counsel anticipates devoting to
    this matter after the date of this Motion for preparing for the hearing on this Motion, arguing the
28  Motion, communicating with Plaintiffs, opposing counsel and co-counsel, and effectuating the
    settlement.

c.   Tom Campbell worked a total of 27.7 hours on this matter to date.   Mr. Campbell's normal hourly rate is $400 per hour.

d.   Kieron McGowin worked a total of 53.6 hours on this matter to date.   Mr. McGowin's normal hourly rate is $350 per hour.

e.   Robert Walker worked a total of 12 hours on this matter to date.   Mr. Walker's normal hourly rate is $250 per hour.

19.   Both applying the hours worked by the billable rates listed above used the following Lodestar analysis.

| Attorney | Rate | Hours Worked | Lodestar |
|---|---|---|---|
| Joshua D. Buck | $500 | 126.5 | $63,250 |
| Mark R. Thierman | $800 | 77 | $61,600 |
| Tom Campbell | $400 | 27.7 | $11,080 |
| Kieron McGowin | $350 | 53.6 | $18,760 |
| Robert Walker | $250 | 12 | $3,000 |
| **TOTAL** | | **296.8** | **$154,990** |

20.   Collectively, Plaintiffs' counsel have requested total attorneys' fees of $69,033.06.  Dividing the law firm's Lodestar figures into $69,033.06 yields a negative multiplier of .4.   In other words, Plaintiffs' counsels' attorneys' fees under the Settlement represent only 40% of what the time they have actually expended in this case.  Given that the requested fees do not even fully reimburse Plaintiffs' counsel for the time and effort expended in litigating this case, they are presumptively fair and reasonable.

/ / /

1

**COSTS**

2    21.    Thierman Buck, LLP (formerly Thierman Law Firm, P.C.) has

3 incurred costs in this matter in the sum of at least $29,357.99.[2]  Campbell Law

4 P.C. has incurred costs in the amount of $1,608.95.  The total costs incurred and

5 expended in this case exceeds $30,966.94.  These costs were both necessary and

6 reasonable to prosecute this action.

7

**CONCLUSION**

8    22.    In sum, it is my opinion that the Settlement is fair and reasonable.

9 For the reasons set forth herein, Plaintiffs' counsel respectfully requests the Court

10 to approve the Settlement.

11    I declare under penalty of perjury under the laws of the United States of

12 America and the State of Nevada that the foregoing is true and correct.

13

14    Executed on December 1, 2015, in Reno, Nevada.

15

16

17    Joshua D. Buck

18

19

20

21

22

23

24

25

26

27    [2] This amount included the $5,000 to be paid to David Ledbetter for his active

28 involvement in this case but does not include the added costs of sending the settlement
agreement to all named Plaintiffs via FedEx overnight express.